Good morning. Rebecca Pennell appearing on behalf of Mr. Sanchez-Aguilar. We raised two issues on the brief. I wanted to spend the bulk of the time on the second issue. I think it's less developed by the case law, but in rethinking about the first issue, I thought of a couple of things that I wanted to share. I think there's two issues that we can agree on are very clear with respect to expedited removal hearings. The one is to be used in a 1326 prosecution, an expedited removal hearing must comport with due process. And the other is under the regulation that applies to expedited removals, it states that an alien in that process shall be advised of the charge against him and given an opportunity to respond. Those things are clear. But you would concede, would you not, that there is no specific regulatory requirement in expedited removal proceedings to inform the alien of the opportunity to withdraw? There is no regulatory requirement saying that. But they do have a right to respond. And that is a regulatory requirement. Then there's a question on what does due process require above that. And there's a lot of jurisprudence in this court with respect to what due process requires in regular removal hearings. In a regular removal hearing, there is a regulatory right of appeal. And this court, as well as the Supreme Court, has said that in order for that right of appeal to comport with due process, it must be knowing, voluntary, and intelligent. And then again, this court and the Supreme Court has said in order for that exercise of the right of appeal or waiver of a right of appeal to be knowing, voluntary, and intelligent, an alien must be informed of why that appeal would be in his or her interests. In other words, the possibility of relief. And what relief would have been available here to your client at the expedited removal? The only form of relief that would have been available would be to withdraw the application for entry. And is there any plausible basis for thinking that the entry officer, I guess it was a Border Patrol official, would have granted such relief given the fact that didn't he admit to this was his third? This was his third entry, although we know now that the other proceedings against him were constitutionally suspect. There are several factors. But there wouldn't be any way for the border officer to know that. So I guess how realistic is it that had he been prescient enough to ask for withdrawal that he would have received that form of relief? Well, the case law indicates it only needs to be a plausible case. Is it outside the realm of possibility? Why is it plausible? Because he didn't use fraud. It seems to me that the only thing that makes it truly implausible, which is a low standard, is that there would be fraud. There was no fraud. He was honest in coming in. And he did have reasons for wanting to have the ability to enter this country in the future, given family members here and a mother who had status who filed a petition for him. Given that situation that he was honest and straightforward, I think it's at least plausible. It doesn't even need to be more likely than not. The government says, well, there wasn't he didn't have a claim for asylum. He didn't have a reason to fear going back to Mexico, and that's not the right inquiry. Asylum is a different relief, and that's a relief that would place you here as opposed to not having relief. I don't want you to burn up all your time on this issue, because I agree with you. I think the second issue, and I'm going to warn Ms. Gregoire, I think there are serious problems here on the second issue. So let's talk about that. Okay. Let's talk about the second issue. I think that if you think of this as a sufficiency issue, that is not contested. Let me stop you right there, because I don't see this as a sufficiency problem at all. So help me through that. Well, the thing is that double jeopardy can be a factual issue. Certainly there's times when on the face of an indictment, and now we know if you're charged with both receipt of child pornography and possession of child pornography, you've got a double jeopardy issue on the face. But there's a lot of times where there isn't a double jeopardy issue apparent on the face of an indictment, and that would especially be true in a conspiracy case where you might be charged with a conspiracy related to another one. Just from a sufficiency standpoint, we take the elements of the offense. Sure. And we look to see whether the government introduced evidence satisfying each element. So which element wasn't satisfied? Well, if you look at the government's own briefing and talking about the Blockburger test, on page 16, note 2 of the government's briefing, it says, well, there's different elements. There's not different elements, of course, because these are the exact same two crimes. So what makes them different are the dates. Just tell me, we're talking about this prosecution. Right. The elements of that offense, which element wasn't satisfied by the government's proof of trial? The element of the date of the offense. Because 1326 is a continuing crime, much like a conspiracy is a continuing crime, you can't manipulate a 1326 prosecution and charge every day that the person was in the United States. The date of the offense is important. And in some cases, it doesn't matter much because maybe there wasn't a prior jeopardy. But in a case where there is a prior jeopardy, the date of offense being a continuing offense, that's the sufficiency. That's a legal argument that obviously you can raise and did raise before the district court, but it doesn't have anything to do with the jury's function of finding sufficient evidence. Well, it's a combination of jury and judge. But certainly, if there's been a prior 1326 conviction, the fact of being outside the United States subsequent to that conviction is a fact necessary to impose a subsequent punishment. Under the Apprendi case law, any fact beyond the fact of a prior conviction and presence outside the United States as a fact beyond a prior conviction must be proven to a jury beyond a reasonable doubt, regardless of whether it's formally listed by the legislature or the Congress as a statute, as an element to the offense. So it is a fact necessary for a second punishment. But that is a fact that addresses the element of whether or not he has reentered after a prior deportation. And the jury did hear evidence of a prior deportation, which you contend was impermissible. Well, I guess you don't contend it's impermissible. What you're saying is the government never offered any proof that he was removed again after he was convicted in 2009. Or that he was outside the United States. In the primary case that we've cited, I think it's the Meza v. Rio case. In that case, the defendant had made a statement that he'd been outside the United States, if memory serves. And so there's a lot of ways the government could put on sufficient evidence. And I don't think it needs to be much, such as a bank being FDIC-insured or a person being charged as a Native American or an Indian country. But there needs to at least be sufficient evidence to the jury when double jeopardy centers around a factual issue that cannot be attacked pre-trial. This simply could not be attacked pre-trial. No motion would have been heard pre-trial. Well, that was because in the indictment itself there were five different reentries. Sure. But essentially after the dismissal litigation, four of those were stricken. Even if under that indictment with one deportation, there was nothing wrong with that indictment under this Court's case law. Because the government would just have to prove an exit from the United States after the prior conviction. So there was nothing to be done pre-trial. The earliest this could have been raised was after the close of the government's evidence. So this Court, in essence, sits in the same situation as a district court. If you can't raise it at the close of the evidence as a sufficiency issue, when can you ever raise it? It certainly must be raised. And isn't it true that, as you had in the briefing, that when other district judges have been confronted with this issue, they did treat it as a sufficiency issue? This Court certainly has referred to it as a sufficiency issue. This Court has said the government must put on sufficient evidence to the jury. And when it comes to multiple conspiracy issues, it has to be to the jury. Which case did we treat it as a sufficiency issue? Well, the wording in Meza v. Arreo was sufficiency. It talked about sufficiency. And then, interestingly, in the child pornography case, the Shales case, which also talked about there was the receipt and the possession of child pornography, the Court in that case looked only to what had been presented to the jury, looked at the indictment, but, importantly, looked at what the jury would have had to have found. Because the government tried to say in that case, well, actually, we had two separate crimes, for the receipt and the possession. And this Court said, no, there was not sufficient evidence put on before the jury to separate those two crimes. So the Court talked about it in terms of the jury needing to find, consistent with Apprendi, that fact to separate the two convictions. So we're saying there at least needs to be sufficient evidence to the jury. It's a judge-jury issue. Certainly a judge needs to decide the legal issue of whether or not there is a prior jeopardy and what that constitutes. But the fact, separate from a prior conviction, that separates this crime from the past one, needs to be presented to the jury. This was, excuse me. Go right ahead. I think that, and this is really why I think this is an issue, is precisely, I mean, Meza-Villarejo and then Barraza-Lopez, this Court did say that the government must prove the absence from the United States. But it does not say that it was necessarily a jury issue. I agree with you that Meza-Villarejo, because it was in the context of a jury instruction, that perhaps is the proper implication. But it's not necessarily clear. And I guess this comes in your brief where you agreed that double jeopardy was an issue for the court. What exactly you meant by that? Because is one way of looking at this that there is an implied element, not necessarily double jeopardy per se, but based on double jeopardy concerns, that to avoid the absurd situation of somebody walking outside the prison and being arrested all over again, that Congress has an element for the crime in those cases where there is the prior conviction for the exact same offense, that there has to be proof of this absence from the United States. And if one views it that way, then it would indeed be an element, and probably the Ninth Circuit jury instruction should be rewritten to reflect that, and it would be a Rule 29 issue. But what further legal authority can you give to us that that is either what was intended in Meza-Villarejo or how that would comport with a regular double jeopardy case where it clearly is something that, whether or not it has to be, can be raised, you know, before the trial? And like I said, certainly the case law is permissive on when you can bring it. And the case law of the Fourth Circuit that has talked about multiple conspiracies says it can be raised at any time. I do think that it would be something where you would get the instruction as to absence of the United States based on the particular case. I would read Meza-Villarejo as being a case where there simply was no contest with respect to a certain fact, and in that circumstance there was no reason to inform a jury. But if there's actually an issue about whether or not a certain fact can be proved, then it's a circumstance where there's sufficient reason to give a particular instruction. But the government still bears the burden of proof on that issue, and that is fully consistent with this Court's case law that says the government shall prove absence from the United States post-conviction. I see I'm over my time. I'll give you some time on the rebuttal. Thank you, Judge. All right. Ms. Gregoire? May it please the Court, Allison Gregoire on behalf of the United States. If it pleases the Court, I'll actually just begin with the double jeopardy issue. In this case, defendant asserts a double jeopardy violation not because the government didn't meet the elements of the crime, not because defendant was in fact subject to double jeopardy, and I think that's important to note right off. The government in its supplemental excerpt of record provided a warrant of deportation to the Court, an I-205, which shows the defendant was in fact removed subsequent to his prior conviction. So the question is whether or not the government had an obligation to sua sponte put that evidence in front of the jury in order to defeat a double jeopardy claim that was never raised. The government also notes that this evidence is evidence that the government sought to put before the jury and the defendant fought to keep out of evidence and was ultimately successful in that fight. I mean, why isn't this similar to the classic bank robbery prosecution where the prosecutor forgets to prove that the bank was federally insured? Because at FDIC insurance, it would be an element of the crime, Your Honor. But to accept Judge Fitzgerald's suggestion, isn't it true that in cases involving prior convictions for illegal reentry, there is in essence a new element or an additional element, which is to prove that there was either a prior deportation after that conviction or that the defendant somehow left the country and has since returned? No, Your Honor. That would never rise to the level of being an element. And there is no case that suggests that that rises to the level of being an element. That is a question of law that the judge could have decided in this case had the defendant brought in. Well, it's a mixed question of law and fact, is it not? Arguably, it could. The government could... Counsel, let me just say there are cases that hold exactly that. They're district court cases. There aren't cases of this, but a couple of those district court cases are very on point here. So I disagree with you that there's no case. It's clear that there are district judges who have viewed this as a sufficiency issue and viewed it as an element. I mean, they might have been wrong, but that doesn't mean that there are no cases that have held that. I mean, by clear implication, that's what was going on in several of the district court cases that were cited in the briefs. Your Honor, actually, I can distinguish every case that was cited in the briefs. The government can conceive of a situation in which this would be a mixed question of law and fact, where it might be appropriate to go to a jury. For example, if the defendant had suggested at any point in the proceedings that he was not, in fact, removed in 2010, but that suggestion was never made. It was never made before the district court. It was never made before this court. So there was no issue of fact for the jury to resolve in this case. Well, the only evidence they had before them was that after the 2006 deportation, he was deported after 2006. But what they never heard was that, A, that he was convicted again in 2009 and deported after that conviction. Right. So why don't we have a double jeopardy problem here? He was convicted in 2009 based on the 2006 deportation. Your Honor, a double jeopardy issue would have been a question of law for the district court judge to decide. It was an issue that was never raised. And insofar as this not being a jury question, this is not something that ought to have gone to a jury, particularly when there was no motion raised. So your position is there was no question in the judge's mind because the issue of the prior deportations, what were they, five of them in total? That's correct, Your Honor. Had been hotly contested before trial. The court had excluded all but the deportation after the 2006 on grounds of prejudice under 403. But the court had before it in the record evidence that the defendant had, in fact, been deported after the 2009 conviction. Yes. The jury just never heard that evidence. That's correct, Your Honor. And the government specifically tried to put those warrants of deportation before the jury. Defendants successfully sought to keep them out. So is it your position that we can know as a matter of law that there was no double jeopardy violation here because the record shows that he was, in fact, deported after 2009? That's correct, Your Honor. And it's also the government's position that double jeopardy was a matter of law before the district court. It was not raised. So this court reviews for plain error and that this court can look to the entire record in making that determination. I almost hesitate to ask this question because I've wrestled with the difference between waiver and forfeiture for some time now. But is it your position then that the defendant has forfeited his double jeopardy claim by not objecting? Yes, Your Honor. Therefore, it can't be plain error under Rule 52B. I think this court can review for plain error still. It just doesn't affect his substantial rights because we know that he was, in fact. Yes, that's correct, Your Honor. And insofar as it's not being a question for the jury, it would be a question for the jury if it was tantamount to an element. The government argues that in this case it's not, and the cases relied upon by a defendant indicate that it is not. The case relied on most heavily by a defendant, Meza Villariello, specifically in that case a defendant was convicted in 1974. He was then convicted again in 1979. And the court notes there's no evidence the defendant was ever deported in between there. No evidence. And then the court is really grappling in that case with the question of does defendant have to be deported between two convictions or does he even have to be outside the United States? And the court said no, defendant doesn't have to be deported. But, yes, he does have to be outside the United States. And as Your Honor pointed out, they said that's because we don't want people to serve their time for a 1326 and then be arrested, excuse me, at the prison gates and charged with another crime, a 1326. So, yes, that's something the United States must prove. And in that case, because it went to a jury trial and they were looking for evidence, yes, they pointed to evidence that went before the jury, but they certainly did not treat that as an element. There was no discussion of this failure to instruct on an element as to whether or not that element was wholly uncontested or was supported by overwhelming evidence. All of that is absent from the decision. And were this to be treated as an element, that would have been essential. And even the defendant, Ms. Pinella, she stood before you, just said the evidence doesn't need to be much, but the government must produce some evidence. There's been no discussion that this would require a special verdict form, that the government, if this was an element, would have to prove this beyond a reasonable doubt. So maybe, well, I'm not going to anticipate the answer. Let me just ask the question. Why didn't the government simply prove that he had been deported after 2009 without telling the jury on what basis he was deported? Did you, well, can you answer that? Full disclosure, Your Honor, I didn't think of it. I mean, that's the real truth here. There was, again, if defendant had ever uttered the words double jeopardy, the government certainly, the government, as you can see, quite honestly, from the briefing, Your Honor, was trying desperately to get this information in front of the jury and was being precluded at every turn. So this definitely, I might quite honestly have advanced this if I would have thought it was an opportunity to get this in front of the jury. But there was absolutely no contest as to this point. Defendant never suggested he wasn't removed. What was the reason the court, the district court gave for keeping out the last of the deportation orders? Unduly prejudicial. Because it was cumulative? They argued it was, I believe, and I apologize, Your Honor, I don't have this right in front of me, but the argument that was continually adhered to was that this was going to be very prejudicial to indicate the defendant had ever been convicted before or even had been deported before. Was there some due process issue with respect to the 2010 deportation order? Your Honor, the deportation, yes, in that it was a reinstatement of a prior removal order where defendant was thought to be ineligible for voluntary departure and he was not in fact ineligible for voluntary departure at that time. I guess I'm just, it seems to me that you didn't think about this, the district court apparently didn't think about this. Had the motion, had a double jeopardy motion been raised at the proper time, I suspect the court would have been giving you a little bit more leeway perhaps to prove that in fact he had been out of the country since? Your Honor, and of course I'm speculating, but I really don't think that the court still would have done that. I think the court would have ruled on it as an interlocutory matter because double jeopardy is typically treated as a question of law and there was in fact, there's a contest as to whether or not the United States could rely on that deportation because of defendant's substantive rights at the underlying proceeding. But there was no contest as to the fact that the defendant had been removed. So since there was no question of fact, I'm confident that had double jeopardy been raised, the district court judge would have ruled on it at that time rather than submit it to the jury. But what, the government could have proven though his absence in a number of ways. I agree with you it would have been in your own, the government's position in this case, to have brought this issue to the district judge's attention because the district judge might have been inclined then to let the jury hear about it. But, you know, as a district judge that's used to doing what the Ninth Circuit tells me, I mean in Mesa Viejo, and I understand how you've distinguished it, in Barraza Lopez, which is not directly on point, but the language is still there, that the government must prove the prior absence from the United States. Is it a reasonable construction on those words that if somebody brings a double jeopardy motion and somebody brings it to the court's attention, the government must prove in motion practice that there is not a double jeopardy violation? That seems a strange construction to put on the words, the government must prove, especially where those cases are looking at the trial record. I mean it just seems to me that those cases were deciding, used that language in the context of what was happening in terms of a trial, and that would imply that it was in these cases it really is an element. And I agree with you. If it's an element, then it must be proven beyond a reasonable doubt. And I took counsel's prior thing that it wouldn't take much evidence to kind of be like an, it's sort of like an FDIC issue. In most cases, it will not be the focus of the trial as to whether there was this prior absence or not. In most cases, it would be easily documented. But I quite agree with you that if it is an element, then it has to be an element. The jury has to be instructed and there has to be evidence beyond a reasonable doubt. And I think the precise issue for us is that obviously didn't happen in this case. So I think the issue is when this issue has been raised by prior panels of this court, in what context did they understand the requirement that the government must prove this absence? In the motion practice, as you're suggesting, or in the trial, the conduct of the trial, which frankly seems to me closer to the circumstances of those cases. But I'd be happy to listen to you distinguish those cases again, because to me that's what this appeal revolves on completely, just completely, is whether those cases created an element or whether they were directing whether there should be a certain type of motion practice. Yes, Your Honor. Turning first to the Meza case. Again, the government notes the court wasn't treating it as an element, again, because the court didn't go through the analysis it would have necessarily had to go through had instruction on an element been omitted. Rather, the court just grappled together some proof the defendant had been outside of the United States and said that's sufficient, no prejudice here. Additionally, in that case, Your Honor, the actual verbiage is to avoid an unfair prosecution following arrest at the prison gates, however, the government should be required to prove the defendant had been outside the United States after each conviction before again prosecuting, before again prosecuting. And the government suggests that's what jeopardy is for, it's to avoid a second prosecution for something the defendant has already been placed in jeopardy for. So, again, the government thinks that it goes to, this requirement to prove goes to the government's ability to bring the action at all, not a jury element. Turning really quickly to Barraza-Lopez, in that case the government was going forward on two 1326 specifications, two 1326 counts. So, yes, the government had to prove the defendant was removed twice in order to sustain their convictions as to the two counts. So the government thinks it's distinguishable on that basis. And I believe that the other. I'm not sure I understand that basis, so repeat it for me. Oh, sure, I'm sorry, Your Honor. Let me actually just look at the language. In that case, a defendant was arrested July 2nd, 2004, and July 4th, 2004, he escaped to Mexico. On approximately July 18th, 2004, the government sought an indictment and received an indictment. On June 2007, he then returned to the United States. Thus, he had, with no intervening prosecution, the defendant had illegally entered the United States, absconded to Mexico, and then illegally reentered the United States again. Now, the government sought to prove both of those. Not happy with just one. The government set out two specifications in its indictment, two counts. And then the court ultimately held that the government, in order to prove both, had to show that he had left in between. But, again, the government was proving two specifications at that time before one jury. So in order to distinguish between the two, yes, the government had to show an illegal reentry for both, which would necessarily require an exit in that case. But if your view of this said it's this motion practice, why did the government have to prove anything before the jury? Why wouldn't it be the same position as here that why shouldn't Barraza-Lopez just said, look, they didn't raise this motion before trial, so it's too bad? I mean, you still have this issue that very strong language the government must prove. Yes, it was in the footnote, but it was used in the context of a trial, not in terms of what counsel is supposed to do, you know, prior to trial. I appreciate your reference to prosecution in Vigorello, but that's in Barraza-Lopez, if anything. I think it's even more in this trial context of what was going on, which to me would suggest potentially that it's a matter of being an element, you know, in those cases in which factually it's necessary. And, you know, the reason for that is based on double jeopardy concerns, but it is not per se a double jeopardy issue. Insofar as it's a factual sufficiency issue, Your Honor? Correct. Yes. I just don't think that, I mean, and this may just be a point where we disagree. I don't think that there's any case law from this circuit. I certainly don't think defendant has cited to any case that says that this is tantamount to an element. I don't think the cases support that. I think the cases support that this is a potential double jeopardy issue. It's a double jeopardy issue. The defendant forfeited in this case by failure to raise it. The government has submitted the evidence before this Court, which shows that there was in fact no double jeopardy issue in this case in the Court's review for plain error. If there's anything further, thank you. Very well. Ms. Pinnell? Just briefly, if the government is proving two convictions at different times versus the same time, I don't know why what they have to prove would be different. I would encourage the Court, though, to look at the Shales case, which talks about double jeopardy. Again, I mentioned purely in terms of trial evidence and whether or not two pieces of conduct were separate for trial purposes. This Court did not look at whether or not really there had been two offenses, but whether or not the jury was shown sufficient evidence of two offenses. What's your response to the last point that Ms. Gregoire raised in my wrestling? It can't be waiver because it's not a knowing relinquishment of a right. But it seems to me to be forfeiture because there was no objection made, and you must meet the standards under Rule 52B to establish plain error. And we know from looking at the record that he was in fact removed after the 2009 convictions. Right. With respect to that fact, extra judicial information for sure. And then when is something strong enough? If the Court can set a rule, well, an immigration order is strong enough evidence that we can know after fact that it's strong enough evidence, I think that you can only look at the evidence brought to the trial court, brought before the jury. If this motion had been made exactly to the trial court, and there was a Rule 29 motion made, which is why if this is a sufficiency issue, then we're just on harmless error analysis because there was a general Rule 29 motion made. But the element is it affected his substantial rights, and the substantial right that he is raising is a constitutional double jeopardy violation. To have the information presented to the jury. And this Court has said time and time again. That's a sufficiency question. Sure. Double jeopardy is a constitutional protection not to be punished twice for the same offense. We know based on the record that he's not being punished twice for the same offense. It reminds me of what we know now based on what was not proven through judicially noticeable documents of what the Supreme Court struggled with and shepherded with what is part of a prior conviction. And things that we know now because they weren't contested aren't part of that conviction. What was presented is what was presented to the jury, and that's certainly all this Court looked at at Shales. All the Court looked at was what was presented to the jury, and this Court said that double jeopardy issues with respects to insufficient evidence to a jury is a constitutional issue that necessarily affects substantial rights and will result in reversal under plain-air review. All right. Thank you. Thank you both. That was very well argued. It's a very interesting issue. We'll puzzle our way through it and try and get you an intelligent answer. The case just argued is submitted.
judges: Fitzgerald, Tallman, Watford